ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| LUIS A. SALAMÁN DE JESÚS<br><br>Recurrente<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00089 | Revisión procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Sobre: Decisión tomada por parte de la División de Remedios Administrativos<br><br>Respuesta de Reconsideración: B-370-25 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 17 de septiembre de 2025.

Compareció ante nos, por derecho propio e *in forma pauperis*, el Sr. Luis A. Salamán De Jesús (en adelante, "señor Salamán De Jesús" o "recurrente") mediante recurso de revisión administrativa presentado el 11 de julio de 2025. Nos solicitó la revocación de la *Resolución* emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, "División de Remedios Administrativos"). En esta, la División de Remedios Administrativos confirmó y amplió la *Respuesta al miembro de la población correccional*, en la cual se desestimó una solicitud de remedio.

Por los fundamentos que discutiremos a continuación, se **confirma** la determinación recurrida.

**-I-**

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.

El señor Salamán De Jesús presentó una *Solicitud de remedio administrativo* —identificada por el alfanumérico B-370-25— ante la División de Remedios Administrativos.[2] Allí consignó que el Oficial Pacheco —quien estaba asignado al área de Mantenimiento Interno de la Institución Carcelaria 705 en Bayamón— le comunicó mediante un tono agravante que no podía salir de su perímetro de vigilancia y lo despidió de su empleo correccional sin ningún motivo lógico. Por lo cual, el señor Salamán De Jesús alegó que tal acción constituyó un abuso de poder y solicitó lo siguiente: "Espero que pueda ser expeditivo(a) en cuanto a este asunto y que en ningún tipo/forma o manera tomen represalias hacia mi persona por ejercer mi derecho."[3]

La División de Remedios Administrativos a través de la evaluadora la Sra. Maribel García Charriez (en adelante, "señora García Charriez"), emitió *Respuesta al miembro de la población correccional* en la que atendió la referida solicitud y determinó que procedía su desestimación. En particular, expresó como sigue:

> Regla XIII Sección 5 Inciso (G)-el Evaluador tiene la facultad para desestimar las siguientes solicitudes:
>
> A. Cuando el miembro de la población correccional emita opiniones o solicite información en su solicitud que no conlleve a remediar una situación de su confinamiento. Sr. Salamán, para poder atender su remedio no debe emitir opiniones o comentarios sobre los funcionarios, limítese a presentar los hechos.[4]

En desacuerdo con esa determinación, el señor Salamán De Jesús presentó una *Solicitud de reconsideración*.[5] En la cual alegó que no procedía desestimar su solicitud de remedio, toda vez que explicó los hechos e incluso precisó el lugar, hora y fecha según ocurrieron. Explicó que, a su entender, no hizo una opinión sino

---

[2] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (en adelante, "SUMAC-TA"), entrada núm. 1, anejo I, págs. 3-4.
[3] *Íd.,* pág. 4.
[4] *Íd.,* pág. 1.
[5] SUMAC-TA, entrada núm. 1, anejo II, págs. 1-2.

una aseveración asertiva que se encuentra apoyada en los hechos relatados.

Ante esto, la División de Remedios Administrativos a través de la coordinadora regional la Sra. Damaris Robles Domínguez (en adelante, "señora Robles Domínguez"), emitió *Respuesta de reconsideración al miembro de la población correccional* en la que acogió la petición de reconsideración.[6] Posteriormente, en cumplimiento con su deber, la señora Robles Domínguez emitió *Resolución* en la que confirmó y amplió la determinación de la evaluadora de remedios administrativos.[7] A saber, sostuvo lo siguiente:

> La División de Remedios Administrativos es un organismo administrativo cuyo objetivo es que los confinados puedan presentar una "solicitud de remedio" en su lugar de origen: excepto que medie justa causa para no haberla radicado en su lugar de origen, como: Actos incidentes que afecten personalmente al confinado en su bienestar físico, mental, seguridad personal o en su plan institucional; minimizar las diferencias entre los confinados y el personal, para evitar o reducir la radicación de pleitos en los Tribunales; plantear asuntos de confinamientos al DCR; reducir tensiones y agresiones físicas y verbales que pueden resultar en reclamos no atendidos; recopilar información relacionada a los reclamos de los confinados que permitan evaluar éste y otros programas; etc.

> Se orienta al recurrente que el Reglamento Para Atender Las Solicitudes De Remedios Administrativos Radicadas Por Los Miembros De La Población Correccional expresa que se puede desestimar la solicitud si se emiten opiniones y/o comentarios que en nada abonan a las alegaciones expresadas.

> **De otra parte, se le recuerda al recurrente que el Comité de Clasificación y Tratamiento es el organismo facultativo para asignar y dar de baja de áreas laborales a los miembros de la población correccional entre otros procedimientos en el plan institucional. El recibo de un informe negativo es razón suficiente de analizar los ajustes del recurrente y tomar las medidas necesarias para mantener la paz institucional**.[8]

Inconforme, el 11 de julio de 2025, el señor Salamán De Jesús acudió ante nos mediante recurso de revisión administrativa y planteo la comisión de los errores siguientes:

---

[6] *Íd.,* págs. 3-6
[7] SUMAC-TA, entrada núm. 1, anejo IV, págs. 1-2.
[8] *Íd.,* (énfasis suplido).

A) Err[ó] el oficial Pacheco al despedirlo (peticionario) sin motivo fundado.

B) Err[ó] el oficial Pacheco al argumentar en su redacción que el hecho por el cual lo despidió, fue porque "el confinado/peticionario no cumplía con los requisitos y/o carácter[í]sticas para realizar las funciones a la cual fue asignado".

C) Err[ó] la oficina o el [á]rea de Rem. Administrativos, enti[é]ndase la evaluadora, la Sra. Maribel García Charriez al desestimar el Rem. Adm. por deducir que la argumentación que utilizó el peticionario era una opinión o información que no conlleva a remediar una situación de confinamiento, cuando solamente fue una a[s]everación del comportamiento inadecuado/incorrecto/impropio del oficial Pacheco. (Anejo I)

D) Err[ó] la coordinadora, la Sra. Robles al redactar que el 25 de marzo del 2025 fue cuando se le hizo entrega al peticionario/recurrente del recibo de la respuesta al Rem. Adm. B-370-25.

E) Err[ó] la coordinadora, la Sra. Damaris Robles Domínguez del área de Rem. Administrativo al redactar, en el documento titulado: Resolución (de la Reconsideración), que el 13 de marzo del 2025 fue cuando el peticionario presentó el Rem. Administrativo, cuando fue el 10 de marzo del 2025 (Véase Anejos IV y I)

F) Err[ó] el [á]rea de Rem. Adm., enti[é]ndase la coordinadora, la Sra. Robles Domínguez al desestimar la Reconsideración en la Resolución con fecha del 21 de marzo del 2025, luego de haberla acogido en la Respuesta de la Reconsideración el 16 de abril del 2025. (Véase Anejos IV y III)

G) Que err[ó] la evaluadora, la Sra. García y la coordinadora, la Sra. Robles al esta no querer tratar de resolver lo que en resumidas palabras le dejó saber el peticionario en cuanto a su situación e inclinarse a la contestación de la Sra. García.

Por su parte, el 22 de agosto de 2025, el Departamento de Corrección y Rehabilitación —representado por la Oficina del Procurador General de Puerto Rico— (en adelante, "Departamento de Corrección") presentó su oposición al recurso de epígrafe.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**-II-**

**A. Revisión administrativa**

La Ley Núm. 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" (en adelante, "LPAU") dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. 3 LPRA sec. 9671. Como cuestión de derecho, la revisión judicial será sobre las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. 3 LPRA sec. 9676. El propósito de tal disposición consiste en delimitar la discreción de los foros administrativos para asegurar que estos ejerzan sus funciones razonablemente y conforme a la ley. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 113-114 (2023).

En cuanto a las determinaciones de hechos formuladas por las agencias administrativas, la LPAU establece que serán sostenidas si están basadas en evidencia sustancial contenida en el expediente administrativo. 3 LPRA sec. 9675. Por consiguiente, existe una presunción de legalidad y corrección que reviste a las determinaciones de hechos elaboradas por las agencias administrativas, salvo la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 114; *OEG v. Martínez Giraud,* 210 DPR 79, 88-89 (2022); *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020); *Graciani Rodríguez v. Garaje Isla Verde,* 202 DPR 117, 128 (2019). En otras palabras, la parte que impugna las determinaciones de hechos de una agencia tiene que demostrar que el dictamen administrativo no está justificado por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004).

De otro lado, la LPAU sostiene que las conclusiones de derecho realizadas por los foros administrativos serán revisables en todos sus aspectos. 3 LPRA sec. 9675. Esto es, el tribunal revisor no tiene que otorgarle deferencia a las conclusiones o

interpretaciones de derecho formuladas por las agencias administrativas. *Vázquez v. Consejo de Titulares et al.*, 2025 TSPR 56, pág. 28. Sobre esto, el tribunal revisor deberá ejercer un juicio independiente para determinar si la actuación de la agencia administrativa está dentro del marco de sus facultades estatutarias. *Íd.* Por ello, los tribunales tienen que armonizar, siempre que sea posible, todos los estatutos y reglamentos administrativos involucrados para la solución justa de la controversia, de modo que se obtenga un resultado sensato, lógico y razonable. *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 843 (2021).

Además, el tribunal revisor no dará deferencia a los procedimientos administrativos si al examinar el dictamen recurrido determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales. *Hernández Feliciano v. Mun. Quebradillas,* supra, pág. 114. Así pues, la revisión administrativa está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Moreno Lorenzo y otros v. Depto. Fam.,* supra, 839 (2021).

En síntesis, la LPAU establece que el tribunal revisor se ceñirá a evaluar lo siguiente: (i) si el remedio concedido fue apropiado; (ii) si las determinaciones de hecho están sostenidas por evidencia sustancial que obre en el expediente administrativo; y (iii) si se sostienen las conclusiones de derecho realizadas por la agencia. 3 LPRA sec. 9675.

**B. Reglamento Núm. 8583**

El Reglamento Núm. 8583 de 4 de mayo de 2015 del Departamento de Corrección y Rehabilitación, conocido como

"Reglamento para atender las solicitudes de remedios administrativos radicados por los miembros de la población correccional" (en adelante, Reglamento Núm. 8583) tiene la finalidad de minimizar las diferencias entre los miembros de la población correccional y su personal; así como de reducir los pleitos en los Tribunales de Justicia.

Por ello, la Regla VI del precitado estatuto dispone que la División de Remedios Administrativos:

> [...] tendrá jurisdicción para atender toda Solicitud de Remedio radicada por los miembros de la población correccional en cualquier institución o facilidad correccional donde se encuentre extinguiendo sentencia y que esté, relacionada directa o indirectamente con:
>
> a. actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional.
>
> b. cualquier incidente o reclamación comprendida bajo las disposiciones de este reglamento.
>
> [...]

Véase, Reglamento Núm. 8583, Regla VI, pág. 13.

La Regla VII del Reglamento Núm. 8583 impone al miembro de la población correccional, entre otras, la responsabilidad de presentar una solicitud de remedio en forma clara, concisa y honesta junto a las fechas y nombres de las personas involucradas en el incidente. Véase, Reglamento Núm. 8583, Regla VII, págs. 15-16.

El Reglamento Núm. 8583 designa al "Evaluador" como el empleado de la División de Remedios Administrativos encargado de evaluar y contestar las solicitudes de remedios presentada por cualquiera de los miembros de la población correccional. Véase, Reglamento Núm. 8583, Regla IX sección 3, págs. 20-23. En cuanto al procedimiento para emitir sus respuestas, la Regla XIII, sección 5, inciso (g) del precitado reglamento faculta al Evaluador a desestimar las solicitudes de remedios "cuando el miembro de la

población correccional emita opiniones o solicite información en su solicitud que no conlleve a remediar una situación de su confinamiento". Véase, Reglamento Núm. 8583, Regla XIII, sección 5, inciso (g), págs. 28-29.

De igual forma, la Regla XI del precitado Reglamento prohíbe que se tomen represalias contra algún miembro de la población correccional por solicitar o participar de los servicios de la División de Remedios Administrativos. Véase, Reglamento Núm. 8583, Regla XI, pág. 24.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el caso de epígrafe, el recurrente alegó que el Departamento de Corrección incidió en siete (7) errores al desestimar su solicitud de remedio bajo la Regla XIII, sección 5, inciso (g) del Reglamento Núm. 8583. En síntesis, esbozó el argumento siguiente:

> [...] el peticionario le dejó saber en cierta forma que le hicieran justicia resolviéndole el problema de injusticia que se cometió con [é]l al haberle dejado sin trabajo sin ninguna justificación, simplemente por capricho, pero no tan solo eso, el tirano oficial le hace un escrito y di[á]loga con la evaluadora [...]; con la coordinadora [...]; la jefa de sociales (supervisora de TSS); con el Técnico de Servicios Sociopenales que le asignaron [...] y hasta con otros oficiales de otras brigadas, ya que se conocen de años con la intención de hacer todo lo posible para que de ninguna forma o manera el pueda conseguir una dispensa para poder trabajar fuera de la institución en alguna brigada [...]

Conforme explicamos en nuestra exposición doctrinal, las determinaciones de hechos formuladas por una agencia administrativa tienen una presuncion de legalidad y corrección. *Hernández Feliciano v. Mun. Quebradillas*, supra. No obstante, en cuanto a las conclusiones de derecho realizadas por el foro administrativo, no debemos otorgarle deferencia sino revisarlas en todos sus aspectos. *Vázquez v. Consejo de Titulares et al.*, supra.

Nuestra intervención se justificará cuando: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales. *Hernández Feliciano v. Mun. Quebradillas,* supra.

Surge del expediente ante nuestra consideración que, la División de Remedios Administrativos al evaluar la solicitud de remedios presentada por el señor Salamán De Jesús, determinó que procedía su desestimación al concluir que contenía opiniones que no iban dirigidas a remediar una situación relacionada al confinamiento. Asimismo, explicamos previamente que, el Reglamento Núm. 8583 otorga al evaluador de las solicitudes de remedios administrativos, la facultad para desestimarlas cuando el miembro de la población correccional emita opiniones que no conlleven a remediar una situación de su confinamiento. Véase, Reglamento Núm. 8583, regla XIII, sección 5, inciso (g), págs. 28-29. Entiéndase que, un asunto relacionado a su confinamiento puede ser aquel que lo afecte personalmente en su bienestar físico, mental, calidad de vida, seguridad o plan institucional. *Íd.,* regla IV, inciso (a), pág. 13.

Así las cosas, en su *Resolución* en reconsideración a su respuesta, la División de Remedios Administrativos confirmó y amplió su decisión. Ello, a los efectos de exhortar al señor Salamán De Jesús a limitarse a compartir los hechos y abstenerse de emitir opiniones. Además, le informó como sigue:

> [...] el Comité de Clasificación y Tratamiento es el organismo facultativo para asignar y dar de baja de áreas laborales a los miembros de la población correccional entre otros procedimientos en el plan institucional. El recibo de un informe negativo es razón suficiente para analizar los ajustes del recurrente y tomar las medidas necesarias para mantener la paz institucional.

Véase, SUMAC-TA, entrada núm. 1, anejo IV, pág. 2.

Cónsono con lo anterior, nos percatamos que el Departamento de Corrección anejó en su oposición al recurso de epígrafe, el *Acuerdo del Comité de Clasificación y Tratamiento,* en el cual consta lo siguiente:

> G. Acuerdos del Comité: Da de baja labores de Mantenimiento Bayamón 705 con retroactividad desde el 4 de marzo de 2025.
>
> H: Fundamentos para los Acuerdos tomados: Se recibe informe del O.C Pacheco indicando que el confinado no cumple con los requisitos y/o características necesarias para realizar las funciones a la cual fue asignado.

Véase, SUMAC-TA, entrada núm. 4, anejo 1.

Esto es, el Comité de Clasificación y Tratamiento determinó que procedía la baja laboral del señor Salamán De Jesús debido al informe negativo que presentó el Oficial José Pacheco Luciano sobre su comportamiento. Nótese que, la evaluación del Oficial José Pacheco Luciano dirigida al Técnico Socio-penal fue la siguientes:

> Según solicitado se aneja informe de la evaluación realizada al confinado Luis A. Salam[á]n De Jes[ú]s, este fue asignado a laborar en mejoras permanentes en el Centro Ingreso, Diagnostico y Clasificación Bayamón 705, removido de sus funciones el 4 de marzo de 2025, la razón de esto es porque él mismo presentaba poco interés en su trabajo y necesita que se le repitan las cosas frecuentemente, es poco cooperador, copia instrucciones en forma ilimitada, este confinado mostraba marcada dificultad en sus realizaciones con el grupo de trabajo, además es poco respetuoso y solo en ocasiones mantiene una actitud positiva y acepta orientación. Por lo que no cumple con los requisitos y/o características necesarias para realizar las funciones a las cual fue asignado. Cabe mencionar que este fue orientado en varias ocasiones, pero continuaba con su conducta impropia.

Véase, SUMAC-TA, entrada núm. 4, anejo 2.

Tras analizar lo anterior, concluimos que *la Respuesta al miembro de la población correccional* y la *Resolución* recurrida, fue una actuación razonable por parte del Departamento de Corrección. Aunque el recurrente detalló de forma clara y especifica que tenía un empleo en la institución correccional y que fue removido por un alegado "abuso de poder" por parte del Oficial José Pacheco Luciano, no consta de manera expresa el remedio que

solicita. A esos efectos, lo único que solicitó fue "justicia" y no se tomarán "represalias hacia [su] persona por ejercer [su] derecho".

No obstante, consta en el expediente que el asunto sobre el "despido" del recurrente fue atendido por el organismo correspondiente y, por lo tanto, el "despido" no surge meramente por la discreción del Oficial José Pacheco Luciano. Entiéndase que, la baja laboral del señor Salamán De Jesús fue el resultado de una evaluación realizada por el Comité de Clasificación y Tratamiento del Departamento de Corrección.

Así pues, considerando que el pronunciamiento que atendemos no surge de un ejercicio arbitrario, irrazonable o ilegal de parte del foro recurrido, procede confirmar la determinación administrativa.

**-IV-**

Por los fundamentos previamente expuestos, se **confirma** la determinación de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones